NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

ANTHONY LATRAIL WOODS, *Appellant.*

No. 1 CA-CR 12-0528
FILED 03/11/2014

---

Appeal from the Superior Court in Maricopa County
No. CR2012-100872-001
The Honorable Robert L. Gottsfield, Judge

**AFFIRMED IN PART; VACATED IN PART**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Charles R. Krull
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Michael J. Brown joined.

---

**K E S S L E R**, Judge:

¶1        Anthony Latrail Woods ("Woods") appeals from his conviction and sentence for aggravated assault, a class 4 felony, with one historical prior felony conviction and aggravating factors. Counsel for Woods filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Raising only the issue of whether the portion of the sentencing order that requires Woods to pay for his DNA testing is proper, counsel requests that this Court search the record for fundamental error. Woods was given the opportunity to but did not file a supplemental brief *in propria persona*. For the reasons that follow, we affirm Woods' conviction and sentence in part, but vacate the portion of the sentencing order that requires Woods to pay for his DNA testing.

**FACTUAL AND PROCEDURAL HISTORY**

¶2        In 2011, the victim was living at an apartment complex with her girlfriend. The victim's acquaintance, J., lived in the same complex with her boyfriend, Woods' brother. J. contacted the victim, and asked her to help J. move.

¶3        On her way to J.'s apartment, the victim encountered Woods in the parking lot and asked about J.'s property. Woods became angry and, as the victim turned to leave, punched her on the right side of her face—breaking her jaw in two places—then drove away. The victim required surgery, resulting in her jaw being wired shut for approximately two and one-half months.

¶4        The victim's girlfriend identified the license plate of the car Woods used to flee the scene, and later both the victim and her girlfriend identified Woods in a photo lineup. Subsequently, Woods was indicted on one count of aggravated assault, a class 4 felony. The State also filed an allegation of historical priors for sentence enhancement.

2

¶5          An eight-person jury found Woods guilty of aggravated assault and, as an aggravating factor, found that he caused the victim physical, emotional, or financial harm.   During sentencing, the court found that Woods had one historical prior felony conviction and one other felony conviction older than ten years.  The court sentenced Woods to the maximum sentence of six years based on the sentence enhancement and credited him with 220 days of presentence incarceration.   Woods also stipulated to $20,000 in restitution to the Maricopa County Victim's Compensation Fund and $16,679.94 to the victim.

¶6          Woods timely appealed, and we have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2003), 13-4031 (2010), and -4033(A)(1) (2010).

## DISCUSSION

¶7          In an *Anders* appeal, we review the entire record for fundamental error.  *State v. Richardson*, 175 Ariz. 336, 339, 857 P.2d 388, 391 (App. 1993).  Fundamental error is "error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial."  *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005) (quoting *State v. Hunter*, 142 Ariz. 88, 90, 688 P.2d 980, 982 (1984)).  To obtain a reversal, the defendant must also demonstrate that the error caused prejudice.  *Id.* at ¶ 20.

¶8          After careful review of the record, we find no grounds for reversal of Woods' conviction or modification of his sentence, except the portion that requires him to pay for his DNA testing.   The evidence supports the verdict, the sentence imposed was within the sentence range for Woods' offense,[1] the proceedings were held in accordance with the Arizona Rules of Criminal Procedure, and Woods was present and represented at all critical stages of the proceedings below.

          A.     Sufficiency of the Evidence

¶9          On review, we view the facts in the light most favorable to sustaining the jury's verdict and resolve all inferences against the defendant.  *State v. Fontes*, 195 Ariz. 229, 230, ¶ 2, 986 P.2d 897, 898 (App. 1998).   "Reversible error based on insufficiency of the evidence occurs

---

[1] A.R.S. § 13-703(B)(2), (I) (2010).

only where there is a complete absence of probative facts to support the conviction." *State v. Soto-Fong*, 187 Ariz. 186, 200, 928 P.2d 610, 624 (1996) (quoting *State v. Scott*, 113 Ariz. 423, 424-25, 555 P.2d 1117, 1118-19 (1976)).

**¶10**     There is sufficient evidence to support Woods' conviction for aggravated assault.  To obtain a conviction for aggravated assault, the State must prove that a defendant intentionally, knowingly, or recklessly caused a physical injury to the victim and that the assault was committed by any means of force that caused a fracture of any body part.  A.R.S. §§ 13-1203(A)(1) (2010), -1204(A)(3) (Supp. 2013).[2]  Here, the victim testified that Woods punched her in the face and broke her jaw after she turned to walk away.  Additionally, the victim's girlfriend testified that she heard Woods and the victim arguing and then found the victim on the ground with a broken jaw.  A police officer testified about the victim's condition at the scene and in the hospital, and a medical expert testified that the victim's jaw was broken in two places and required approximately two and one-half months of treatment and follow-up.

**¶11**     There is also sufficient evidence that Woods caused the victim physical, emotional, or financial harm.  During the aggravation trial, the victim testified about medical bills she accrued as a result of the injury, the emotional toll of the injury, and financial harm to her credit and her resulting inability to work.

### B.     Closing Arguments at Sentencing

**¶12**     During the sentencing hearing, the prosecutor commented on his personal belief in Woods' guilt and his personal belief that defense witnesses lacked credibility.  Although such commentary is inappropriate, we presume the judge knows the law and did not consider these statements when determining Woods' sentence.  Moreover, prosecutorial misconduct is reversible error only when it is so pronounced and persistent that it permeates the entire trial. *State v. Edmisten*, 220 Ariz. 517, 524, ¶ 23, 207 P.3d 770, 777 (App. 2009).  There is no evidence that the prosecutor's statements here, which were made outside the presence of the jury and after the verdict was rendered, permeated the entire trial.  Accordingly, we find no reversible error.

---

[2] We cite the most recent versions of statutes when no alterations material to this decision have since occurred.

C.    DNA Testing

**¶13**        As part of Woods' sentence, the trial court required him to pay for his DNA testing pursuant to A.R.S. § 13-610 (Supp. 2013).  After the court so ruled, we held in *State v. Reyes*, 232 Ariz. 468, 472, ¶ 14, 307 P.3d 35, 39 (App. 2013), that there is no basis under that section to require a convicted defendant to pay the cost of his DNA testing.  Therefore, we vacate the portion of Woods' sentence that requires him to pay for his DNA testing.  *See id.*

## CONCLUSION

**¶14**        For the foregoing reasons, we affirm Woods' conviction and sentence, but modify his sentence by vacating the portion that requires Woods to pay for his DNA testing.  Upon the filing of this decision, counsel shall inform Woods of the status of the appeal and his future appellate options.  Defense counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).  Woods shall have thirty days from the date of this decision to proceed, if he so desires, with a *pro per* motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh