793 P.2d 559

**The STATE of Arizona, Appellee,**

v.

**Kenneth Tim WILSON, Appellant.**

**No. 2 CA–CR 89–0150.**

Court of Appeals of Arizona, Division 2, Department A.

May 17, 1990.

Robert K. Corbin, Atty. Gen. by Jessica Gifford Funkhouser and Bruce M. Ferg, Tucson, for appellee.

Law Office of Paul Scott Simon by Paul Scott Simon, Tucson, for appellant.

## OPINION

HATHAWAY, Judge.

Appellant was found guilty after a jury trial of theft of a motorcycle worth over $1,000 and felony flight from a law enforcement vehicle. He was sentenced to concurrent three-year terms of probation. Counsel has filed a brief under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Appellant has not filed a supplemental brief.

[1-3] Appellant claims that the trial court erred in denying his motions to suppress. However, the record demonstrates that the prosecutor moved to strike all of appellant's motions for failure to provide any factual grounds as required under Ariz.R.Crim.P. 35.1, 17 A.R.S. Appellant's motions to suppress the statements were never supplemented and factual bases were never supplied. The comment to Rule 35.1 states that a motion which does not detail its factual support is insufficient. The motions were denied on the basis of a violation of Rule 35.1 with no evidence being taken and no argument on the merits of the motions. Defective motions can operate to waive even constitutional issues. *See State v. Tison*, 129 Ariz. 526, 633 P.2d 335 (1981), *cert. denied*, 459 U.S. 882, 103 S.Ct. 180, 74 L.Ed.2d 147 (1982). As the state points out, there was no burden on the prosecution to show that the statements were made voluntarily since the issue was not before the court absent a filing of a procedurally proper suppression motion. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *State v. Alvarado*, 121 Ariz. 485, 591 P.2d 973 (1979).

Moreover, appellant's statements to police did not amount to fundamental error. Appellant's initial statements were made before he was under arrest and were admissible even if appellant had made a proper suppression motion. *See State v. Carter*, 145 Ariz. 101, 700 P.2d 488 (1985). Appellant's subsequent statements were made after he was given *Miranda* warnings and had indicated a willingness to speak to the officers. The record demonstrates that he was not coerced and that the statements were clearly voluntary.

Our review of the entire record for fundamental error reveals none. Therefore, the judgment of convictions and the terms of probation are affirmed.

ROLL, P.J., and HOWARD, J., concur.