NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

KEVIN DAVID HANLEY, *Appellant.*

No. 1 CA-CR 13-0703
FILED 06-10-2014

Appeal from the Superior Court in Maricopa County
No.   CR 2011-131637-001
The Honorable Jerry Bernstein, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jeffrey L. Force
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Michael J. Brown joined.

**D O W N I E**, Judge:

**¶1**        Kevin David Hanley timely appeals his conviction for aggravated driving or actual physical control while under the influence of intoxicating drugs in violation of Arizona Revised Statutes ("A.R.S.") sections 28-1381(A)(1)-(3) and -1383(A)(1)-(2).  Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), defense counsel has searched the record, found no arguable question of law, and asked that we review the record for reversible error. *See State v. Richardson*, 175 Ariz. 336, 339, 857 P.2d 388, 391 (App. 1993). Defendant was given the opportunity to file a supplemental brief *in propria persona*, but he has not done so.

### FACTS AND PROCEDURAL HISTORY[1]

**¶2**        M.N. was working at a car lot when he heard a loud noise. Looking up, he saw a car enter the facility with a blown-out tire and damage to the front passenger side.  M.N. approached the driver, noticed he was impaired, and called the police.  Officer Nelson arrived on the scene and requested identification from Hanley, who was still in the driver's seat. In speaking with Hanley, the officer observed signs of impairment.

**¶3**        Officer Nelson investigated the crash and found damage to a nearby traffic signal pole. Nelson read Hanley his *Miranda* rights.  Hanley told the officer he was driving the car at the time of the accident and had previously taken three prescription pills.  Officer Smith arrived on the scene and administered a horizontal gaze nystagmus ("HGN") test; Hanley showed six out of six signs of impairment.  Hanley was arrested and transported to a DUI processing unit where a blood draw occurred. Officer Rice read Hanley his *Miranda* rights and questioned him.  Hanley

---

[1] We view the facts "in the light most favorable to sustaining the conviction." *State v. Tison*, 129 Ariz. 546, 552, 633 P.2d 355, 361 (1981).

again stated he had been driving the vehicle and was involved in the collision.

¶4 The State charged Hanley with four counts of aggravated driving or actual physical control of a vehicle while: impaired to the slightest degree (count 1), having any drug under A.R.S. § 13-3401 or its metabolite in his body (count 2), and having a previous qualifying violation within 84 months (counts 3 and 4).

¶5 During a four-day trial, the jury heard officers testify to the facts recited *supra* and also heard from a forensic scientist who testified that Hanley's blood tested positive for two drugs and one metabolite defined in A.R.S. § 13-3401. The scientist further testified that the level of drugs in Hanley's system was capable of causing impairment and that the drugs found would interact in a manner that heightened impairment.

¶6 The jury also heard testimony from a custodian of records for the Arizona Motor Vehicle Division ("MVD"). She testified that Hanley's license was revoked or suspended at the time of the accident, that he had multiple prior convictions within 84 months of the current offense leading to earlier license suspensions, and that MVD mailed a letter to Hanley notifying him of his license suspension in July 2010.

¶7 At the conclusion of the State's case-in-chief, Hanley moved for a judgment of acquittal pursuant to Rule 20, Arizona Rules of Criminal Procedure; the motion was denied. Hanley testified on his own behalf and called his mother as a witness. Hanley told jurors that he took prescription drugs before getting into the vehicle and knew his license was suspended on the day of the accident. He testified, though, that a friend of his (now deceased) was driving at the time of the collision, but he fled the scene before officers arrived.

¶8 The jury convicted Hanley on all counts. The superior court sentenced him to five months' imprisonment and four years' probation.

**DISCUSSION**

¶9 We have read and considered the briefs submitted by counsel and have reviewed the entire record. *Leon*, 104 Ariz. at 300, 451 P.2d at 881. We find no reversible error. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the sentence imposed was within the statutory range. Defendant was present at all critical phases of the proceedings and represented by counsel. The jury was properly impaneled and instructed. The jury

instructions were consistent with the offenses charged. The record reflects no irregularity in the deliberation process.

¶10        "We view the evidence in the light most favorable to sustaining the verdicts and resolve all inferences against appellant." *State v. Nihiser*, 191 Ariz. 199, 201, 953 P.2d 1252, 1254 (App. 1997). The trial record includes substantial evidence to support the jury's verdicts. *See Tison*, 129 Ariz. at 552, 633 P.2d at 361 (in reviewing for sufficiency of evidence, "[t]he test to be applied is whether there is substantial evidence to support a guilty verdict"). "Substantial evidence is proof that reasonable persons could accept as sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *State v. Spears*, 184 Ariz. 277, 290, 908 P.2d 1062, 1075 (1996). Substantial evidence "may be either circumstantial or direct." *State v. Henry*, 205 Ariz. 229, 232, ¶ 11, 68 P.3d 455, 458 (App. 2003).

¶11        Count 1 required proof that Hanley: (1) drove or was in actual physical control of a vehicle in Arizona; (2) was under the influence of any drug at the time of driving or actual physical control; (3) was impaired to the slightest degree from being under the influence of any drug; (4) had his driver's license suspended, canceled, revoked, refused, or restricted at the time he drove or was in actual physical control; and (5) knew or should have known his driver's license was suspended, canceled, revoked, refused, or restricted at the time of driving or being in actual physical control. A.R.S. §§ 28-1381(A)(1), -1383(A)(1); *see State v. Williams*, 144 Ariz. 487, 489, 698 P.2d 732, 734 (1985).

¶12        M.N. identified Hanley as the driver, and officers testified about Hanley's admissions to driving the vehicle. Testimony and exhibits established that the accident occurred in Phoenix. Officers also testified that Hanley admitted taking prescription drugs before the accident, and evidence revealed the presence of drugs in his system. Several witnesses testified to Hanley's impairment, including bloodshot and watery eyes, slurred speech, shaking, and swaying. The MVD witness testified that Hanley's license was suspended on the date of the incident, and Hanley admitted knowing his license was suspended before the accident.

¶13        Count 2 required proof that Hanley drove while there was a drug defined in A.R.S. § 13-3401 or its metabolite in his system. A.R.S. § 28-1381(A)(3). As discussed *supra*, trial testimony established that drugs were present in Hanley's system, and the forensic scientist testified that all of the drugs found were listed in A.R.S. § 13-3401.

¶14     Counts 3 and 4 required proof that Hanley had been twice convicted of driving under the influence and that those convictions occurred within 84 months of the current offense.  A.R.S. § 28-1383(A)(2). Testimony from the MVD representative established that Hanley had two prior DUI convictions occurring within 84 months of the current offense.

¶15     Hanley denied driving the vehicle on the date in question, but jurors obviously disbelieved his version of events.  "No rule is better established than that the credibility of the witnesses and the weight and value to be given to their testimony are questions exclusively for the jury." *State v. Clemons*, 110 Ariz. 555, 556-57, 521 P.2d 987, 988-89 (1974).

¶16     Although no pretrial voluntariness hearing was held, "absent an objection by the defendant to the admission of his confession, the Constitution does not require a voluntariness hearing to be held." *State v. Fayle*, 134 Ariz. 565, 579, 658 P.2d 218, 232 (App. 1982); *see also State v. Anaya*, 170 Ariz. 436, 443, 825 P.2d 961, 968 (App. 1991) ("defendant is responsible for properly raising issues such as voluntariness").  Moreover, in its final instructions, the trial court instructed jurors they could not consider Hanley's statements to law enforcement unless they first determined "beyond a reasonable doubt that the defendant made the statements voluntarily."  The court further instructed jurors that a statement is not voluntary "if it resulted from the defendant's will being overcome by a law enforcement officer's use of any sort of violence, coercion, or threats, or by any direct or implied promise, however slight."

## CONCLUSION

**¶17** We affirm Hanley's convictions and sentences. Counsel's obligations pertaining to Hanley's representation in this appeal have ended. Counsel need do nothing more than inform Hanley of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). On the court's own motion, Hanley shall have thirty days from the date of this decision to proceed, if he desires, with an *in propria persona* motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: gsh