NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

LARRY THOMAS JERNIGAN, *Appellant.*

No. 1 CA-CR 15-0171
FILED 10-11-2016

Appeal from the Superior Court in Maricopa County
No.  CR2014-103109-001
The Honorable Bruce R. Cohen, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Myles A. Braccio
*Counsel for Appellee*

The Stavris Law Firm, PLLC, Scottsdale
By Christopher Stavris
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Patricia A. Orozco and Judge Jon W. Thompson joined.

**S W A N N**, Judge:

**¶1** Larry Thomas Jernigan ("Defendant") appeals his convictions and sentences for one count of robbery, one count of burglary in the first degree, and two counts of aggravated assault. He contends the trial court erred when it (1) admitted evidence of a prior altercation between Defendant and another person, (2) failed to hold a voluntariness hearing, (3) admitted evidence of a photographic lineup, and (4) denied a mistrial based on prosecutorial misconduct. He also contends that the evidence was insufficient to support his convictions. For the following reasons, we affirm Defendant's convictions and sentences.

## FACTS[1] AND PROCEDURAL HISTORY

**¶2** The two victims were the mother and aunt of "Son." Defendant forced his way into the victims' home after the mother answered the front door, believing that the person at the door had an emergency. Defendant told the victims that Son had taken his gun and demanded that the victims return it. The victims did not know about Defendant's earlier disagreement with Son about a gun.

**¶3** Defendant refused to leave and eventually attacked the victims, both of whom fought back. Defendant repeatedly struck both victims on the face and head with a jack handle he took from one of the victims. Defendant took a cell phone, two purses and money when he finally left. Defendant's defense at trial was that he went to the residence to retrieve his backpack, and he acted only in self-defense after the victims attacked him. Defense counsel argued that Defendant's actions were necessary to escape the house alive.

---

[1] "We construe the evidence in the light most favorable to sustaining the verdict, and resolve all reasonable inferences against the defendant." *State v. Greene*, 192 Ariz. 431, 436, ¶ 12 (1998). In our review of the record, we resolve any conflict in the evidence in favor of sustaining the verdict. *State v. Guerra*, 161 Ariz. 289, 293 (1989).

¶4         The state charged Defendant with two counts each of aggravated assault, armed robbery, and kidnapping, and one count of burglary in the first degree.  The state also charged Defendant with misconduct involving weapons, but the court severed this count before trial.  The trial court granted the state's motion to dismiss one count of armed robbery mid-trial.

¶5         Defendant filed a pretrial motion in limine to exclude evidence of an altercation with Son.  During the hearing on the motion, Defendant agreed that if the trial court severed the count of misconduct involving weapons, he would have no objection to the admission of the evidence and would even stipulate to the basic facts of the prior altercation. When the court severed the count, Defendant suggested that rather than stipulate to the evidence, the parties could simply introduce evidence of the prior altercation through one of the investigating officers.  By the time of trial, however, the parties had agreed to stipulate to the evidence.  The trial court read the stipulation before the state's opening statement.   The stipulation read:

> The agreement of the parties is on January 1st, 2014, at approximately 20 minutes before the incident at [the mother's home], there was an altercation between [Son] and [Defendant] over a handgun.  This altercation occurred at 6800 West Heatherbrae Drive.

The state and Defendant both referenced the stipulation in their opening statements.  Defendant referenced the prior altercation again in his cross-examination of Son's mother and at least four times in his closing argument.

¶6         The jury acquitted Defendant of both counts of kidnapping. The jury found Defendant guilty of the remaining counts; the trial court sentenced him to an aggregate term of eleven years' imprisonment. Defendant appeals.

**DISCUSSION**

I.    SUFFICIENCY OF THE EVIDENCE

¶7         Defendant argues the evidence was insufficient to support his convictions.  He does not address the elements of the offenses, does not discuss the evidence in the context of those elements, and does not argue that the state presented no testimony or other evidence to support each element of each offense.  Defendant instead attacks the victims' credibility. He asserts that "[t]he testimony of the witnesses, taken as a whole, was

inconsistent at best, and possibly even unbelievable." He also argues the victims' testimony differed from their statements to investigators and that the medical evidence did not support their claims.

¶8        "Reversible error based on insufficiency of the evidence occurs only where there is a complete absence of probative facts to support the conviction." *State v. Soto-Fong*, 187 Ariz. 186, 200 (1996) (citation omitted). "To set aside a jury verdict for insufficient evidence, it must clearly appear that upon no hypothesis whatever is there sufficient evidence to support the conclusion reached by the jury." *State v. Arredondo*, 155 Ariz. 314, 316 (1987).

¶9        A person commits aggravated assault if he commits assault with a deadly weapon or dangerous instrument. A.R.S. § 13-1204(A)(2). A person commits robbery if he takes the property of another from the other's person or immediate presence against the other's will and does so by threatening or using force against any person with the intent to coerce surrender of the property or prevent resistance to taking or keeping the property. A.R.S. § 13-1902(A). Finally, a person commits first degree burglary if he commits burglary in the second degree while knowingly possessing a deadly weapon or dangerous instrument. A.R.S. § 13-1508(A). A person commits burglary in the second degree if he enters or remains unlawfully in a residential structure with the intent to commit a theft or felony therein. A.R.S. § 13-1507(A).

¶10        The evidence cited above was sufficient to support Defendant's convictions beyond a reasonable doubt. And the victims' credibility "is an issue to be resolved by the jury." *Soto-Fong*, 187 Ariz. at 200 (citation omitted). "Because a jury is free to credit or discredit testimony, we cannot guess what they believed, nor can we determine what a reasonable jury should have believed." *State v. Bronson*, 204 Ariz. 321, 328, ¶ 34 (App. 2003) (citation omitted). We find no reversible error.

## II.        THE PRIOR ALTERCATION

¶11        Defendant contends the trial court erred when it admitted evidence of the prior altercation between Defendant and Son over a gun. When a defendant informs a trial court not only that he does not object to the admission of evidence, but that the evidence is admissible, the defendant may not raise that issue on appeal. *State v. Pandeli*, 215 Ariz. 514, 528, ¶ 50 (2007). Defendant did not merely tell the trial court the evidence was admissible, he stipulated to its admission and then used the evidence to support his defense. He has waived appellate review of this issue. Further, even if there was any error, it was invited. *Id.* And "[i]f error is

invited, we do not consider whether the alleged error is fundamental." *State v. Logan*, 200 Ariz. 564, 565, ¶ 9 (2001).

III.     THE FAILURE TO HOLD A VOLUNTARINESS HEARING

**¶12**          Defendant asserts the trial court erred when it failed to hold a hearing to determine whether his statements to a detective were voluntary. Defendant contends his statements were not voluntary because the detective used deceptive tactics to cause him to have further contact with the detective after he asked for an attorney.[2]

**¶13**          The failure to move to suppress statements or object to their admission at trial waives any error. *State v. Sutton*, 115 Ariz. 417, 420 (1977). Defendant did not file a motion to suppress his statements, nor did he object to their admission. Indeed, he used many of his statements to the detective in support of his defense. Because Defendant did not testify, his statements to the detective were the sole evidence for his defense.

**¶14**          Regardless, Defendant argues his failure to move to suppress or object is unimportant because the trial court should have held a voluntariness hearing *sua sponte*. He argues that the court was required to do so because Arizona law presumes that a defendant's statements to law enforcement personnel are involuntary. *See State v. Emery*, 131 Ariz. 493, 498 (1982). He further argues that A.R.S. § 13-3988(A) requires a trial court to hold a voluntariness hearing *sua sponte* in all cases in which the state seeks to admit a defendant's statements to law enforcement personnel, regardless of whether the defendant seeks to suppress or otherwise objects to those statements.

**¶15**          Arizona law, however, does not require a trial court to hold a voluntariness hearing *sua sponte* absent a defendant's request for a hearing or objection to the admission of the statement. *State v. Finn*, 111 Ariz. 271, 275 (1974). A.R.S. § 13-3988(A) provides only that a trial court determine

---

[2]          Nothing in the record supports Defendant's claims of involuntariness or deceptive tactics. Neither party offered this portion of the interview into evidence, the interview is not otherwise in the record on appeal, and his request for counsel and subsequent initiation of further contact were not addressed in any detail with any witness. The record shows only that a detective testified that Defendant requested counsel at the beginning of the interview and then engaged in further contact with the detective.

"any issue as to voluntariness" out of the presence of the jury before the court admits the statement into evidence.[3]

¶16        There is no "issue as to voluntariness" until a defendant places voluntariness in issue, and a defendant has the burden to raise issues regarding voluntariness and compliance with *Miranda.* *See, e.g., State v. Alvarado*, 121 Ariz. 485, 487-88 (1979); *State v. Anaya*, 170 Ariz. 436, 443 (App. 1991). Until the defendant seeks to suppress the statements or otherwise objects to their admission, the state has no burden to prove a defendant's statements were voluntary. *State v. Wilson*, 164 Ariz. 406, 407 (App. 1990).[4] And a defendant need only file a timely motion to suppress or make a timely objection to place the burden of persuasion on the state. *Ryan v. Superior Court (City of Phoenix)*, 121 Ariz. 385, 387 (1979). Until the defendant does so, the trial court is not required to hold a voluntariness hearing.[5] We find no error.

IV.        EVIDENCE OF THE PHOTOGRAPHIC LINEUP

¶17        Defendant argues that the trial court erred when it admitted testimony that the two victims identified Defendant in photographic lineups. He argues that the photographic lineup police showed the victims was unduly suggestive and tainted their in-court identifications.

¶18        Defendant did not object to the testimony at issue but objected to the admission of the photographic lineup itself because of an alleged disclosure violation.[6] During the discussion of disclosure, Defendant alleged the lineup was suggestive. But he also argued the lineup was

---

[3]        The word "confession" as used in A.R.S. § 13-3988 means any confession of guilt or self-incriminating statement. A.R.S. § 13-3988(C).

[4]        Absent an objection to the admission of a defendant's statements, there is no constitutional requirement that the court hold a voluntariness hearing. *Wainwright v. Sykes*, 433 U.S. 72, 86 (1977); *State v. Fayle*, 134 Ariz. 565, 579-80 (App. 1982).

[5]        Defendant's reliance on *State v. Montes* to support his argument to the contrary is unavailing because the defendant in *Montes* raised the issue of voluntariness. 136 Ariz. 491, 496 (1983).

[6]        Nothing in the record supports Defendant's claim that the state conceded it failed to disclose the lineup.

irrelevant because he was not presenting a defense of alibi or mistaken identity nor challenging that he was the person involved in the altercation with the victims. The court agreed with Defendant that identity was not an issue. The trial court sustained the objection and excluded the lineup.[7]

¶19 First, the court did not admit the photographic lineup into evidence and it is not otherwise in the record on appeal. Therefore, nothing in the record supports Defendant's claim that the photographic lineup was unduly suggestive. While the trial court criticized the quality of the lineup, it did not find the lineup was unduly suggestive, and we will not speculate that it was so based solely on general criticisms. Second, Defendant not only did not challenge the in-court identifications, he argued that the pretrial identifications were unimportant because he did not contest the validity of the in-court identifications. If a defendant does not challenge an in-court identification at trial, we presume any pretrial identification procedure did not taint the in-court identification. *State v. Dessureault*, 104 Ariz. 380, 384 (1969). Finally, any error would be harmless because Defendant did not contest that he was the person involved in the altercation with the victims. We find no error.

¶20 Defendant contends the trial court also erred when it failed to give a "cautionary instruction" to the jury about the unduly suggestive nature of the lineup. Defendant did not request such an instruction and does not identify any specific instruction the court should have given. A cautionary jury instruction is required when a defendant presents evidence that the pretrial identification was made under suggestive circumstances that might cause the later identification to be of questionable reliability. *State v. Nottingham*, 231 Ariz. 21, 26-27, ¶¶ 13-14 (App. 2012). There is no such evidence here. Thus, no instruction was necessary.

V.     THE DENIAL OF THE MOTION FOR MISTRIAL

¶21 Defendant finally argues that the trial court erred when it denied his motion for mistrial based on prosecutorial misconduct.

¶22 During the aggravation phase of trial, the state called Defendant's probation officer to establish that he was on probation at the time he committed the offenses. During her testimony, the officer explained that she took pictures of the people she supervised to help identify them. The state showed the officer a photograph of Defendant from the officer's file and asked, "Is that what we're looking at when we're

---

[7]     Despite Defendant's claims, the trial court did not exclude the lineup because it was unduly suggestive.

looking at Exhibit number 86?" The officer responded, "Yes. This wouldn't have been the first meeting, this would have been a meeting, the day of it, would have been after he was released from jail for violating his probation."

¶23 Defendant objected and moved for a mistrial, arguing that the state should have warned the witness not to reference jail or the probation violation. Defendant, however, did not argue at the trial court that the prosecutor engaged in misconduct. The court took Defendant's motion for mistrial under advisement, struck the answer, instructed the jury to disregard it, and informed them it had no relevance to any issue they had to decide. The trial court held there was no prosecutorial misconduct, noting that the probation officer's answer was not responsive to the state's question or the general line of inquiry.

¶24 The court ultimately denied the motion for mistrial. It held that the probation's officer testimony did not deny Defendant a fair trial on the aggravating circumstances and noted that the jury had already determined Defendant's guilt. The court reasoned that the jury was no more inclined to find aggravating circumstances knowing that Defendant had been in jail for violating the terms of his probation than if they knew only that he was on probation when he committed the offenses. When the jury returned its verdicts on the aggravating circumstances, it found the state failed to prove five of the alleged aggravating circumstances. This convinced the trial court that the probation officer's testimony had no prejudicial impact and that the jury did, in fact, disregard it.

¶25 The decision to deny a motion for mistrial is error only if it was a clear abuse of discretion. *State v. Murray*, 184 Ariz. 9, 35 (1995). We will reverse the trial court's decision only if it was "palpably improper and clearly injurious." *Id.* (citation omitted). This is because the trial judge is in the best position to determine whether a particular incident calls for a mistrial. *State v. Koch*, 138 Ariz. 99, 101 (1983). The trial judge is aware of the atmosphere of the trial, the circumstances surrounding the incident, the manner in which a witness made any objectionable statement, and its possible effect on the jury and the trial. *See id.* "When a witness unexpectedly volunteers an inadmissible statement, the remedy rests largely within the discretion of the trial court." *State v. Marshall*, 197 Ariz. 496, 500, ¶ 10 (App. 2000).

¶26 Regarding the alleged misconduct, we likewise will not reverse the denial of a mistrial based on prosecutorial misconduct absent a clear abuse of discretion. *State v. Lee*, 189 Ariz. 608, 616 (1997). Prosecutorial misconduct is not merely "legal error, negligence, mistake or insignificant impropriety, but, taken as a whole, amounts to intentional conduct which

the prosecutor knows to be improper and prejudicial." *Pool v. Superior Court (State of Arizona)*, 139 Ariz. 98, 108-09 (1984).

¶27 We find no abuse of discretion. First, there was no prosecutorial misconduct. The probation officer's statement that a photograph "[w]ould have been after he was released from jail for violating his probation" was not in response to any question from the state, and the prosecutor did nothing to elicit the testimony. Second, nothing suggests the incident otherwise required a mistrial. The incident occurred during the aggravation phase after the jury had already determined Defendant's guilt and heard evidence that he was on probation at the time he committed the offenses. That the jury was exposed to additional information that he had been arrested and later released for violating his probation did not deny him a fair trial. Finally, the trial court struck the testimony and instructed the jury to disregard it. We presume the jury followed the court's instruction. *State v. Dunlap*, 187 Ariz. 441, 461 (App. 1996).

**CONCLUSION**

¶28 For the foregoing reasons, we affirm Defendant's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED: AA