NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MARTICE DESHAWN WALLACE, *Appellant.*

No. 1 CA-CR 18-0722
FILED 2-18-2020

Appeal from the Superior Court in Maricopa County
No.  CR 2017-127900-001
The Honorable Jay R. Adleman, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

The Law Office of Kyle T. Green, Tempe
By Kyle T. Green
*Counsel for Appellant*

Martice Deshawn Wallace, Eloy
*Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge James B. Morse Jr. joined.

---

**C A M P B E L L**, Judge:

¶1       This appeal is presented to us pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Defense counsel has searched the record on appeal and advised there are no meritorious grounds for reversal. Wallace has filed a supplemental brief raising several issues, which we address below. We also have an independent obligation to review the entire record for reversible error, *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), viewing the evidence in the light most favorable to sustaining the convictions and resolving all reasonable inferences against Wallace. *State v. Guerra*, 161 Ariz. 289, 293 (1989). Having reviewed the entire record and considered the arguments Wallace raises, we find no reversible error and affirm Wallace's convictions and sentences.

**BACKGROUND**

¶2       While patrolling a light rail stop, a security officer saw Wallace bleeding from an apparent "gash" to his head. After approaching Wallace, the security officer radioed for assistance. A responding fireman examined Wallace's head wound and, given the amount of blood, called for an ambulance.

¶3       Once the ambulance arrived, Wallace voluntarily got inside and sat on a bench next to a gurney. Although he was instructed to lie down on the gurney, Wallace refused.

¶4       When a paramedic told Wallace that he needed to lie down for his own safety, Wallace became verbally abusive, grabbed trauma shears—a particularly sharp scissor used for cutting clothing, belts, and boots off injured patients in emergencies—and swung them at the paramedics. Overhearing the commotion, a fireman opened the ambulance's side door, and Wallace jumped out. He was quickly disarmed, however, and detained.

¶5 The State charged Wallace with two counts of aggravated assault, both class three felonies.[1] In his own defense, Wallace testified that a paramedic struck him in the face while he was in the back of the ambulance. He explained that he only grabbed the trauma shears to protect himself because he was blind in one eye and his "biggest fear" was sustaining an injury to his good eye.

¶6 After trial, a jury found Wallace guilty on both counts. The jury also found two aggravating factors: (1) the offenses were dangerous, and (2) Wallace was on felony probation at the time of the offenses. After Wallace admitted two prior felony convictions, the superior court sentenced him as a category 3 non-dangerous offender and imposed two 20-year maximum terms of imprisonment, each to run concurrently, with no presentence incarceration credit.[2]

## DISCUSSION

¶7 In his supplemental brief, Wallace raises numerous challenges to his convictions. Distilled, he contends that: (1) the first responders "conspired" against him and committed perjury to "conceal" that they assaulted him inside the ambulance; (2) the prosecutor used his statements in violation of *Miranda*[3]; (3) the State failed to disclose video footage from inside the ambulance; (4) he was prejudiced when the jury heard about his prior felony convictions; and (5) the court failed to instruct the jury on in-court identification.

¶8 First, Wallace's claims of perjury and conspiracy are issues of witness credibility. Put differently, Wallace is questioning the honesty of the first responders' testimony at trial. "No rule is better established than that the credibility of the witnesses and the weight and value to be given to their testimony are questions exclusively for the jury." *State v. Clemons*, 110 Ariz. 555, 556–67 (1974). "In this case, the jury heard each witness testify and was able to evaluate his or her veracity." *See State v. Piatt*, 132 Ariz. 145,

---

[1] The State also alleged one count of refusing to provide a truthful name when lawfully detained, a class two misdemeanor. The superior court found Wallace not guilty as to this count.

[2] At the same time, the superior court also sentenced Wallace for violating his felony probation (CR 2016-151105-001), applying 656 days of presentence incarceration credit to that sentence.

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

150–51 (1981). To the extent there was contradictory evidence, on review, we resolve any conflicts against Wallace. *State v. Girdler*, 138 Ariz. 482, 488 (1983).

**¶9**        Next, Wallace claims the superior court erred by admitting statements obtained before he was advised of his *Miranda* rights. A defendant "is responsible for properly raising issues such as voluntariness and *Miranda* compliance." *State v. Anaya*, 170 Ariz. 436, 443 (App. 1991) (finding no error when "the defendant failed to provide the court with any factual basis for suppression of [his post-arrest statements]"). Here, Wallace fails to specify any improperly introduced statements, and there is no objective evidence in the record indicating any statements made by Wallace were involuntary.

**¶10**        Wallace next asserts error because he "sought to obtain video footage from inside the ambulance" throughout the case, and it was never disclosed. Simply put, the State cannot disclose something that does not exist. Wallace acknowledged that the video he sought did not exist in his closing argument. We have no basis to find error for the State's failure to disclose a video that, per this record, does not exist.

**¶11**        Wallace also claims error because the court permitted the jury to hear "the substance of a prior felony conviction," but this argument is not supported by the record. Arizona Rule of Evidence ("Rule") 609(a)(1)(B) requires a court to admit evidence of prior convictions for the purpose of impeaching a witness's honesty when the witness is a defendant and "the probative value of the evidence outweighs its prejudicial effect." Because the superior court "is in the best position to balance the probative value of challenged evidence against its potential for unfair prejudice," it has broad discretion in deciding admissibility. *State v. Harrison*, 195 Ariz. 28, 33, ¶ 21 (App. 1998), *aff'd*, 195 Ariz. 1 (1999). Here, the court found that "sanitizing" the evidence of Wallace's prior felonies met the Rule 609 standard, and we find no abuse of discretion. The jury heard only the date and jurisdiction of Wallace's three prior felony convictions. Stated differently, the jury heard neither the charges nor the underlying facts regarding any conviction. We find no error in admitting the sanitized evidence of Wallace's prior convictions.

**¶12**        Lastly, Wallace contends the superior court erred when it "failed to instruct the jury on in court identification." While a party is entitled to any instruction reasonably supported by the evidence, *State v. Johnson*, 205 Ariz. 413, 417, ¶ 10 (App. 2003), a court does not commit fundamental error by failing to provide an instruction that was neither

requested nor relevant to the issues raised at trial. *See State v. Finch*, 202 Ariz. 410, 415, ¶ 20 (2002). In this case, Wallace neither disputed his identity nor requested a *Desserault* hearing.[4] Because Wallace's identity was never raised as an issue at trial, the superior court did not commit fundamental error by failing to provide the jury with an in-court identification instruction

**¶13** After a thorough review of the record, we find no reversible error and no support for Wallace's claims that the "entire criminal proceeding" violated the United States Constitution. *See Clark*, 196 Ariz. at 541, ¶ 50. The record reflects Wallace was present, represented by counsel, or appeared *pro se* with the assistance of advisory counsel, at all critical stages of the proceedings against him. The evidence presented supports the convictions, and the sentences imposed fall within the range permitted by law. As far as the record reveals, these proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and Wallace's constitutional and statutory rights. Therefore, we affirm Wallace's convictions and sentences.

**¶14** Unless defense counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court, his obligations are fulfilled once he informs Wallace of the outcome of this appeal and his future options. *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Wallace has 30 days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[4] *State v. Dessureault*, 104 Ariz. 380 (1969).