NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JOHNNY ROBERT LOPEZ, *Appellant.*

No. 1 CA-CR 15-0348
FILED 3-3-2016

Appeal from the Superior Court in Maricopa County
No.  CR 2014-135592-001
The Honorable Bruce R. Cohen, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Spencer D. Heffel
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge John C. Gemmill joined.

---

D O W N I E, Judge:

¶1        Johnny Robert Lopez appeals his convictions and sentences for two counts of misconduct involving weapons and one count of theft. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), counsel has searched the record, found no arguable question of law, and asked us to review the record for reversible error. *See State v. Richardson*, 175 Ariz. 336, 339 (App. 1993).  Lopez was given the opportunity to file a supplemental brief *in propria persona*, but he did not do so.  For the following reasons, we affirm his convictions and sentences.

**FACTS AND PROCEDURAL HISTORY**

¶2        Private security guards encountered Lopez while on patrol at a Phoenix apartment complex.  As soon as Lopez saw the guards, he turned and began walking in the other direction.  Not recognizing Lopez as a resident, the guards asked to speak with him.  Before responding, Lopez reached inside the open door of an acquaintance-resident's apartment and set down his backpack, saying, "hold this for a second, I'll be back."  When Lopez approached the guards, he looked "very nervous, very agitated."  When asked whether he lived there, Lopez said he would not tell the guards anything and "took off running."

¶3        The acquaintance-resident voluntarily turned the backpack over to the security guards, who called the police after discovering it contained a loaded firearm with a scratched-off serial number.  The backpack also contained Lopez's Arizona identification card, tax documents, and two cell phones.  Police linked the firearm to a crime that had occurred the day before, during which the firearm had been stolen from the victim.

¶4        The State charged Lopez with three offenses.  Count 1 alleged misconduct involving weapons for knowingly possessing a deadly weapon while being a prohibited possessor — a class 4 felony in violation of Arizona Revised Statutes ("A.R.S.") section 13-3102(A)(4).  Count 2

alleged misconduct involving weapons for knowingly possessing a defaced deadly weapon and knowing it was defaced — a class 6 felony in violation of A.R.S. § 13-3102(A)(7). Count 3 alleged theft by knowingly controlling the property of another without lawful authority and knowing, or having reason to know, the property was stolen — a class 6 felony in violation of A.R.S. § 13-1802(A)(5).

¶5         A jury returned guilty verdicts on all three counts. The superior court sentenced Lopez to imprisonment for eight years on count 1, and two-and-one-quarter years each on counts 2 and 3 — all to run concurrently.[1]  Lopez timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12–120.21(A)(1), 13–4031, –4033(A)(1).

## DISCUSSION

¶6         We have read and considered defense counsel's brief and have reviewed the entire record. *See Leon*, 104 Ariz. at 300. We find no reversible error. All of the proceedings were conducted in compliance with the Rules of Criminal Procedure, and the sentences imposed were within the statutory ranges. *See* A.R.S. § 13-703(C), (D), (G), (J) (2013) (sentencing for repetitive offenders). Lopez was present at all critical phases of the proceedings and was represented by counsel. The jury was properly impaneled and instructed. As described *supra*, the State presented substantial evidence of guilt. *See State v. Burns*, 237 Ariz. 1, 20–21, ¶ 72 (2015) ("Substantial evidence to support a conviction exists when reasonable persons could accept it as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt."). The record reflects no irregularity in the deliberation process.

## CONCLUSION

¶7         We affirm Lopez's convictions and sentences. His counsel's obligations of representation in this appeal have ended. Counsel need do nothing more than inform Lopez of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On this Court's own motion, and

---

[1]     Lopez admitted two prior felony convictions, making him a category three repetitive offender for purposes of sentencing. *See* A.R.S. § 13-703(C) (2013).

if he so desires, Lopez may proceed with an *in propria persona* motion for reconsideration or petition for review within 30 days of this decision.



**Ruth A. Willingham** · **Clerk of the Court**
F I L E D : ama