857 P.2d 388

**STATE of Arizona, Appellee,**

v.

**Melvin Eugene RICHARDSON, Appellant.**

**Nos. 1 CA–CR 90–1316, 1 CA–CR 90–1322.**

Court of Appeals of Arizona, Division 1, Department A.

June 29, 1993.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Appeals Section, Daniel J. Kiley, Asst. Atty. Gen., Phoenix, for appellee.

Neal W. Bassett, Phoenix, for appellant.

## OPINION

LANKFORD, Presiding Judge.

This is defendant's appeal from the judgment of guilt and sentence imposed following his plea of no contest to attempted armed robbery and from the judgment of guilt and sentence imposed following a jury trial for theft. We decide the following issues:

1. Was there a sufficient factual basis for defendant's plea?

2. Did the trial court err by refusing to allow defendant to withdraw his plea?

### I.

Defendant argues that the trial court lacked a sufficient factual basis for

his plea of no contest to attempted armed robbery. He contends that the elements of the crime were not established by the factual basis.

▉ Under Arizona Rule of Criminal Procedure 17.3, a factual basis must be established to support a no contest plea. *State v. Page*, 115 Ariz. 156, 157, 564 P.2d 379, 380 (1977). For a factual basis to be adequate, there must be sufficient evidence presented to support each element of the crime. *State v. Rivera*, 172 Ariz. 247, 249, 836 P.2d 460, 462 (App.1992). A court need only find strong evidence of guilt to establish a factual basis, not evidence beyond a reasonable doubt. *State v. Varela*, 120 Ariz. 596, 598, 587 P.2d 1173, 1175 (1978).

At the change of plea hearing, the State provided the factual basis for defendant's plea:

> MR. JORGENSEN [ATTORNEY FOR THE STATE]: ... The State would present the testimony of the victim in this matter, would testify [sic] that on March 27, 1990, she observed the defendant in her yard playing with a teenage son. She would also testify that the defendant had a gun in his possession at the time, around 1:30 or 2:00 that afternoon.
>
> This defendant and a codefendant, who was a juvenile, came to the victim's back door. The victim let them in, went in her kitchen. The codefendant pulled the gun the defendant had in his possession earlier. The codefendant pointed it at the victim, who at the time was six months pregnant, and asked for her money and tore her necklace off.
>
> The defendant was an accomplice to this offense by virtue of the fact that he pushed the victim on the way out. He did take some of her money, and he left at the same time, with the codefendant.
>
> Also it would be the State's testimony that this defendant assisted the codefendant in getting access to the victim's kitchen.

The elements of attempted armed robbery were established by this statement. Defendant took property from the immediate presence of another through use of force, thus committing robbery. *See* Ariz. Rev.Stat.Ann. ("A.R.S.") section 13–1902.[1] Because defendant's accomplice was armed with a gun, defendant's actions fell within the definition of armed robbery. *See* A.R.S. section 13–1904.[2] Therefore, the prosecutor's statement provided a sufficient factual basis to support defendant's plea of no contest to attempted armed robbery.

## II.

▉ Defendant also argues that the trial court erred by refusing to allow him to withdraw his plea.[3] He contends that based on the plea agreement he entered into with the State, he should have been allowed to withdraw his plea before sentencing. Defendant now claims he misunderstood the plea agreement to promise that he could withdraw from the plea at any time because the agreement never states that withdrawal is subject to court approval.

Defendant relies on paragraphs four, five and six of the agreement. Paragraph four includes the following language: "if the plea is ... withdrawn by either party, ... the original charges ... are automatically reinstated." Paragraph five states that "[i]n the event the court rejects the

---

1. A person commits robbery if in the course of taking any property of another from his person or immediate presence and against his will, such person threatens or uses force against any person with intent either to coerce surrender of property or to prevent resistance to such person taking or retaining property.
A.R.S. § 13–1902(A) (1989).

2. A. A person commits armed robbery if, in the course of committing robbery as defined in § 13–1902, such person *or an accomplice*:

1. Is armed with a deadly weapon or a simulated deadly weapon; ...
A.R.S. § 13–1904 (1989) (emphasis added).

3. The State contends that the defendant withdrew his request to withdraw his plea. However, the record clearly shows that the defendant did so only after the judge refused to allow him to withdraw his plea.

plea, or either the State or the defendant withdraws the plea, the defendant ... waives ... his right to a preliminary hearing ..." Finally, paragraph six states that "[u]nless this plea is ... withdrawn by either party, the defendant ... waives ... motions, defenses, objections, or requests ... to the court's entry of judgment against him and imposition of a sentence upon him...." However, paragraphs seven and eight indicate that withdrawal of a plea is within the court's discretion.

■ It is not necessarily an abuse of discretion for a trial court to refuse to allow a defendant to withdraw his plea before sentencing. *State v. Wilson,* 95 Ariz. 372, 373, 390 P.2d 903, 904 (1964). A trial court may "allow withdrawal of a plea of guilty or no contest when necessary to correct a manifest injustice." Ariz. R.Crim.P. 17.5. However, a defendant is entitled to withdraw his plea if he presents objective evidence to show that he misunderstood material terms of the plea agreement. *See State v. Diaz,* 173 Ariz. 270, 842 P.2d 617 (1992) (defendant may withdraw plea upon presentation of substantial objective evidence in support of claim that he mistakenly believed terms of plea agreement more lenient than sentence imposed by trial judge).

The defendant in this case has made no such showing. At the sentencing hearing, the defendant stated only that he wished to withdraw his plea because his sentence was too harsh for a youthful first-time offender. In this appeal, the defendant has failed to provide any objective evidence to support his claim that he misunderstood the plea agreement. Therefore, on this record we cannot find that the trial court erred in refusing to allow defendant to withdraw his plea.

■ However, while the record fails to show that this particular defendant misunderstood the rules of withdrawal, it is conceivable that a defendant could misunderstand those rules without an explanation by the trial court and clear language in the plea agreement. The language used in the plea agreement in this case is ambiguous regarding the rules of withdrawal of pleas.

We believe that the better practice would be for the trial court to inform a defendant at the change of plea hearing that he cannot withdraw from a plea as a matter of right. Moreover, plea agreements should set out the rules for withdrawal of pleas in plain, unambiguous language.

## III.

■ Defendant also appeals from the judgment of guilt and sentence imposed following a jury trial on the charge of theft. In that case, counsel has filed a brief in accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *State v. Leon,* 104 Ariz. 297, 451 P.2d 878 (1969), requesting that this court search the record for fundamental error pursuant to A.R.S. section 13–4035. The defendant has been afforded the opportunity to file a supplemental brief but has not done so.

Defendant's counsel has advised this court that he has searched the record on appeal and finds no arguable ground for reversal. Pursuant to A.R.S. section 13–4035, we have searched the entire record for fundamental error and find none.

All of the proceedings were conducted in full compliance with the Arizona Rules of Criminal Procedure. The defendant's sentence is within the range prescribed by law for this offense.

■ Upon the filing of this decision, counsel's obligations pertaining to the representation of defendant in this appeal have come to an end. Counsel need do no more than inform defendant of the status of the appeal and the defendant's future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck,* 140 Ariz. 582, 684 P.2d 154 (1984). It is ordered that defendant shall have 30 days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

KLEINSCHMIDT and MICHAEL J. O'MELIA *, JJ., concur.