NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JULIO CESAR MACIAS, *Appellant.*

No. 1 CA-CR 13-0792
FILED 1-22-2015

Appeal from the Superior Court in Maricopa County
No.  CR 2012-006246-001
The Honorable Richard L. Nothwehr, Judge *Pro Tem*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Office of the Legal Advocate, Phoenix
By Kerri L. Chamberlin
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Andrew W. Gould and Judge Samuel A. Thumma joined.

---

**D O W N I E**, Judge:

¶1 Julio Macias appeals his convictions for aggravated assault and resisting arrest. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), defense counsel has searched the record, found no arguable question of law, and asked that we review the record for reversible error. *See State v. Richardson*, 175 Ariz. 336, 339, 857 P.2d 388, 391 (App. 1993). Defendant was given the opportunity to file a supplemental brief *in propria persona*, but he has not done so.

## FACTS AND PROCEDURAL HISTORY

¶2 Phoenix police officers responded to a 911 call at an apartment complex around 4:30 a.m. Officer Miller entered the caller's apartment and, through the walls, heard a female crying. Officers saw lights in Macias' apartment and heard crying and screaming coming from inside. An officer knocked on Macias' door for several minutes, stating: "Phoenix police." Though the apartment blinds were drawn, Sergeant Bryant saw two shadows within.

¶3 Mrs. Macias opened the apartment door. She "had red puffy eyes" and appeared to have been crying. When asked if others were in the apartment, Mrs. Macias informed officers her husband was also inside. Officer Blanco and Sergeant Bryant investigated, announcing themselves as "Phoenix police" as they explored the apartment. Officer Blanco found Macias behind a closet door, instructed him to come out, and placed a hand on Macias' shoulder or arm, escorting him out of the closet.

¶4 Macias pulled away from Officer Blanco and pushed Sergeant Bryant. Sergeant Bryant fell backward into a bed and then onto the floor. Macias put Officer Blanco in a headlock. Macias bit Officer Blanco's finger, and Sergeant Bryant received an abrasion on his wrist. Officer Miller came to assist, and all three officers struggled to restrain Macias. Macias maintained the headlock and actively fought with the officers, "turning, kicking his legs and pulling his arms underneath him." Throughout the

struggle, the officers instructed Macias to "stop resisting" and put his hands behind his back. The officers were able to restrain Macias only after using physical defense tactics and multiple Taser deployments.

**¶5**      The State charged Macias with two counts of aggravated assault (victims Officer Blanco and Sergeant Bryant), class four felonies in violation of Arizona Revised Statutes ("A.R.S.") section 13-1204, and one count of resisting arrest, a class six felony, in violation of A.R.S. § 13-2508. A jury convicted Macias on all three counts. The superior court sentenced Macias to concurrent terms of probation for each count.

## DISCUSSION

**¶6**      We have read and considered the briefs submitted by counsel and have reviewed the entire record. *Leon*, 104 Ariz. at 300, 451 P.2d at 881. We find no reversible error. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the sentences imposed were within the statutory range. Macias was present at all critical phases of the proceedings and was represented by counsel. The jury was properly impaneled and instructed. The jury instructions were consistent with the offenses charged. The record reflects no irregularity in the deliberation process.

**¶7**      "We view the evidence in the light most favorable to sustaining the verdicts and resolve all inferences against appellant." *State v. Nihiser*, 191 Ariz. 199, 201, 953 P.2d 1252, 1254 (App. 1997). The record includes substantial evidence to support the jury's verdicts. *See State v. Tison*, 129 Ariz. 546, 552, 633 P.2d 355, 361 (1981) (In reviewing for sufficiency of evidence, "[t]he test to be applied is whether there is substantial evidence to support a guilty verdict."). "Substantial evidence is proof that reasonable persons could accept as sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *State v. Spears*, 184 Ariz. 277, 290, 908 P.2d 1062, 1075 (1996). Substantial evidence "may be either circumstantial or direct." *State v. Henry*, 205 Ariz. 229, 232, ¶ 11, 68 P.3d 455, 458 (App. 2003).

**¶8**      To prove counts one and two, the State was required to prove Macias (1) intentionally, knowingly, or recklessly caused a physical injury, and (2) Macias knew or had reason to know the person assaulted was a police officer. A.R.S. §§ 13-1203, -1204(A)(8)(a).

**¶9**      Officer Blanco was escorting Macias from the closet when Macias pulled away and then put his arm around Officer Blanco's neck, placing him in a chokehold. Macias continued to struggle with the officers,

3

biting Officer Blanco's finger in the process. Officer Blanco testified about the injury caused by the bite, and the jury saw photographs of the wound.

¶10        Sergeant Bryant testified Macias pushed him backwards with enough force to cause him to fall. Sergeant Bryant tried to assist in Macias' arrest, and all three officers testified Macias continued fighting them to the point they were required to use force. Sergeant Bryant suffered an abrasion to his wrist, and the jury saw photos of his injury.

¶11        The officers testified they knocked on the front door for several minutes, announcing themselves as "Phoenix police." They continued to announce themselves as "Phoenix police" while going through the apartment. All three officers were wearing standard issue uniforms, displaying badges and their utility belts; the jury saw photographs of the uniforms worn at the time.

¶12        As to count three, the State was required to prove (1) a peace officer sought to arrest Macias or another person, (2) Macias knew or had reason to know the person seeking to make the arrest was a peace officer acting under official authority, (3) Macias intentionally prevented or attempted to prevent the peace officer from making the arrest, and (4) the means Macias used to prevent arrest involved either the use or threat of use of physical force or any other substantial risk of physical injury to either the peace officer or another. A.R.S. § 13-2508(A)(1)-(2).

¶13        All three officers testified they worked as police officers for the Phoenix Police Department on the night in question. Officer Blanco testified he attempted to arrest Macias after Macias pushed Sergeant Bryant. As discussed *supra*, the officers announced themselves as Phoenix police several times, and the jury saw photographs of the officers' uniforms. Macias stated, "I want to be one of you guys" during his struggle with the officers, and Macias testified this meant he "wanted to be in law enforcement."

¶14        The officers all described actions by Macias that prevented them from making an arrest. Macias pulled away from, maintained a headlock on, and bit Officer Blanco; he pushed Sergeant Bryant, causing him to fall; and continued "actively fighting" with officers on the ground. Macias continued struggling despite officers directing him to "stop resisting."

**CONCLUSION**

**¶15**　　　　We affirm Macias' convictions and sentences. Counsel's obligations pertaining to Macias' representation in this appeal have ended. Counsel need do nothing more than inform Macias of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). On the court's own motion, Macias shall have thirty days from the date of this decision to proceed, if he desires, with an *in propria persona* motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: ama