NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

SHAUN MICHAEL DAVIGNON, *Appellant.*

No. 1 CA-CR 14-0411

FILED 5-14-2015

Appeal from the Superior Court in Maricopa County
CR 2012-162424-001
The Honorable Hugh E. Hegyi, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Carlos Daniel Carrion
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Patricia K. Norris and Judge Randall M. Howe joined.

D O W N I E, Judge:

¶1          Shaun Michael Davignon appeals his convictions and sentences for possession or use of dangerous drugs and possession of drug paraphernalia. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), defense counsel has searched the record, found no arguable question of law, and asked that we review the record for reversible error. *See State v. Richardson*, 175 Ariz. 336, 339, 857 P.2d 388, 391 (App. 1993). Davignon was given the opportunity to file a supplemental brief *in propria persona*, but he has not done so.

### FACTS AND PROCEDURAL HISTORY[1]

¶2          Detectives Cuthbertson and Allen were in an unmarked police car when they encountered Davignon riding his bicycle. Davignon was riding on the wrong side of the street, and the police car had to swerve to avoid him. The detectives circled the block and saw Davignon cross an intersection without stopping at a stop sign. They decided to stop Davignon for the traffic violation, so they turned on the car's flashing blue and red lights and pulled up alongside him. Detective Allen rolled down the window and told Davignon to stop, but Davignon refused.

¶3          Detective Cuthbertson stopped the car so Detective Allen could get out, at which point Davignon began peddling away quickly. Detective Allen gave chase on foot, and Detective Cuthbertson pulled his car in front of Davignon's path. Davignon collided with the car, fell off his bicycle, and ran away on foot. Detective Allen continued pursuing him on foot, while Detective Cuthbertson followed in the patrol car. Davignon paused in a dimly lit area on the other side of a chain link fence roughly 30 to 50 feet from Detective Cuthbertson. The detective saw Davignon reach

---

[1]    "We view the evidence in the light most favorable to sustaining the verdicts and resolve all inferences against appellant." *State v. Nihiser*, 191 Ariz. 199, 201, 953 P.2d 1252, 1254 (App. 1997).

toward his waistband and then extend his arm out. Davignon then hopped the fence and put his hands up.

¶4        Detective Allen retraced Davignon's route. He found a clear plastic baggie containing a crystal-like substance on the ground in the area where Davignon had paused. The baggie was on top of the gravel, and there did not appear to be anyone else in the area. The substance in the bag was subsequently tested and determined to be methamphetamine.

¶5        Davignon was charged with: (1) count one, possession or use of dangerous drugs, a class four felony, and (2) count two, possession of drug paraphernalia, a class six felony. He was found guilty on both counts. Because the superior court found that the State had proven two historical priors, Davignon was sentenced as a repetitive offender under Arizona Revised Statutes ("A.R.S.") section 13-703(C). He was sentenced to a less than presumptive term of 8 years in prison for count one and a presumptive term of 3.75 years in prison for count two, with the sentences to run concurrently. He received 274 days of presentence incarceration credit.

¶6        Davignon timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶7        We have read and considered the brief submitted by appellate counsel and have reviewed the entire record. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. Davignon was either present at or waived his presence for all critical phases of the proceedings. He was represented by counsel. The jury was properly impanelled and the record reflects no irregularity in the deliberation process. The sentences imposed were within the statutory ranges. Davignon was awarded the proper amount of presentence incarceration credit.

¶8        Substantial evidence supports the jury's verdicts. *See State v. Tison*, 129 Ariz. 546, 552, 633 P.2d 355, 361 (1981) (In reviewing for sufficiency of evidence, "[t]he test to be applied is whether there is substantial evidence to support a guilty verdict."). "Substantial evidence is proof that reasonable persons could accept as sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *State v. Spears*, 184 Ariz. 277, 290, 908 P.2d 1062, 1075 (1996). Substantial evidence "may be either circumstantial or direct." *State v. Henry*, 205 Ariz. 229, 232, ¶ 11, 68 P.3d 455, 458 (App. 2003).

¶9          For count one, the State was required to prove that Davignon knowingly possessed methamphetamine.          A.R.S. §§ 13-105(11), -3401(6)(c)(xxxviii), 3407(A)(1).  To possess is to "knowingly have physical possession or otherwise . . . exercise dominion or control" over something. A.R.S. § 13-105(34).  For count two, the State was required to prove that Davignon used or possessed with intent to use drug paraphernalia to "pack, repack, store, [or] contain" methamphetamine.  A.R.S. § 13-3415(A). The definition of drug paraphernalia includes "envelopes and other containers used . . . in packaging small quantities of drugs" as well as "[c]ontainers and other objects used . . . in storing or concealing drugs." A.R.S. § 13-3415(F)(2)(i)-(j).

¶10          The detectives testified at trial that Davignon fled when they tried to make contact with him.  Detective Cuthbertson testified about observing Davignon pause a short distance from him, reach toward his waistband, and then extend his arm.  Detective Allen testified that he found the baggie near where Davignon paused.  A forensic scientist testified she tested the substance in the baggie and determined it was 310 milligrams of methamphetamine.

¶11          Based on the trial evidence, the jury could have reasonably inferred that Davignon possessed the baggie before dropping it on the ground and that the baggie was used to store methamphetamine.  As such, substantial evidence supports the verdicts on both counts.

## CONCLUSION

¶12          We affirm Davignon's convictions and sentences. Counsel's obligations pertaining to Davignon's representation in this appeal have ended.  Counsel need do nothing more than inform Davignon of the status of his appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).  On the court's own motion, Davignon shall have thirty days from the date of this decision to proceed, if he desires, with an *in propria persona* motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
FILED : ama