NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

LEONARD SANCHEZ, *Appellant*.

No. 1 CA-CR 14-0319
FILED 7-23-2015

Appeal from the Superior Court in Maricopa County
No. CR 2013-002805-001
The Honorable William L. Brotherton, Jr., Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Cory Engle
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Kenton D. Jones and Judge Jon W. Thompson joined.

D O W N I E, Judge:

¶1 Leonard Sanchez timely appeals his conviction for robbery in violation of Arizona Revised Statutes ("A.R.S.") section 13-1902. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), defense counsel has searched the record, found no arguable question of law, and asked that we review the record for reversible error. *See State v. Richardson*, 175 Ariz. 336, 339, 857 P.2d 388, 391 (App. 1993). Defendant was given the opportunity to file a supplemental brief *in propria persona*, but he has not done so.

### FACTS AND PROCEDURAL HISTORY[1]

¶2 J.G. was sitting at a bus stop with his guitar in a case when Sanchez approached. Sanchez asked for a lighter and also asked to see J.G.'s guitar. J.G. took the guitar out and held it in his hands. Sanchez attempted to pull the guitar away, and when he did not succeed, he pushed J.G. J.G. fell backwards and lost his grip on the guitar; Sanchez took off running with it. J.G. pursued Sanchez. Passerby P.F. saw J.G. chasing Sanchez and offered him a ride. P.F. followed Sanchez while J.G. phoned 911. Sanchez turned down an alley, and when he reappeared, he did not have the guitar.

¶3 When police officers arrived, J.G. directed them to Sanchez. The guitar was located in a nearby alley underneath a dumpster cover, and J.G. identified it as the one Sanchez had taken from him. J.G. and P.F. separately identified Sanchez as the person who ran off with the guitar.

¶4 Sanchez was charged with one count of robbery, a class four felony. During the ensuing jury trial, witnesses testified to the above facts. At the conclusion of the State's case-in-chief, Sanchez moved for a judgment

---

[1] "We view the evidence in the light most favorable to sustaining the verdicts and resolve all inferences against appellant." *State v. Nihiser*, 191 Ariz. 199, 201, 953 P.2d 1252, 1254 (App. 1997).

of acquittal pursuant to Arizona Rules of Criminal Procedure 20. The court denied the motion. The jury returned a guilty verdict, and Sanchez later admitted prior convictions. The court sentenced him to ten years' imprisonment — the presumptive sentence for repetitive offenders.

## DISCUSSION

**¶5**        We have read and considered the brief submitted by Sanchez' counsel and have reviewed the entire record. *Leon,* 104 Ariz. at 300, 451 P.2d at 881. We find no reversible error. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the sentence imposed was within the statutory range. Sanchez was present at all critical phases of the proceedings and was represented by counsel. The jury was properly impaneled and instructed. The jury instructions were consistent with the offense charged. The record reflects no irregularity in the deliberation process.

**¶6**        The record includes substantial evidence to support the jury's verdict. *See State v. Tison*, 129 Ariz. 546, 552, 633 P.2d 355, 361 (1981) (In reviewing for sufficiency of evidence, "[t]he test to be applied is whether there is substantial evidence to support a guilty verdict."). "Substantial evidence is proof that reasonable persons could accept as sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *State v. Spears*, 184 Ariz. 277, 290, 908 P.2d 1062, 1075 (1996). Substantial evidence "may be either circumstantial or direct." *State v. Henry*, 205 Ariz. 229, 232, ¶ 11, 68 P.3d 455, 458 (App. 2003).

**¶7**        The State was required to prove: (1) Sanchez took J.G.'s property; (2) from J.G.'s person or immediate presence; (3) against J.G.'s will; and (4) Sanchez threatened to use or used force against J.G. with the intent to force surrender of the property or to prevent resistance to the taking or keeping of the property. A.R.S. § 13-1902. Substantial evidence established each necessary element. J.G. testified that Sanchez forcibly took the guitar from him. J.G. further testified that when he resisted, Sanchez "open-handed pushed" him backwards to free the guitar from J.G.'s grasp. The jury also heard from P.F., who witnessed the chase and saw Sanchez carrying a guitar, and considered other evidence corroborating J.G.'s testimony.

**¶8**        At one point during trial, the State questioned Officer Rude about statements J.G. had made, including: "[J.G.] told you that when the guitar was taken, he chased after the defendant; is that correct?" Defense

counsel objected on hearsay grounds. At a sidebar conference, the following colloquy occurred:

>   [DEFENSE COUNSEL:] . . . I think it is an improper way to be bolstering [J.G.'s] credibility.
>
>   THE COURT: Well, it is still hearsay. And you're offering it for the truth of the matter asserted, correct?
>
>   [PROSECUTOR:] Only that [J.G.] said those things. He said them at the time and they're consistent with his testimony today.
>
>   THE COURT: Okay. I will allow it for that purpose.

¶9        Prior consistent statements made by a witness are hearsay. *Maricopa Cnty. Juvenile Action No. JV-133607*, 186 Ariz. 198, 200, 920 P.2d 320, 322 (App. 1996). Such statements may be admitted under Arizona Rule of Evidence 801(d)(1)(B) (2014) if the declarant is subject to cross-examination and the statements are offered to rebut an express or implied charge of recent fabrication.[2] *JV-133607*, 186 Ariz. at 200, 920 P.2d at 322. But even assuming *arguendo* that the court should have sustained defense counsel's objection, any resulting error was harmless. All of the statements at issue were included in J.G.'s own testimony, and J.G. was subject to cross-examination. *See State v. Hoskins*, 199 Ariz. 127, 144, ¶ 66, 14 P.3d 997, 1014 (2000) (officer testifying to witness' statements harmless error because all statements included in witness' own testimony and witness subject to thorough cross-examination); *State v. Granados*, 235 Ariz. 321, 329, ¶ 35, 332 P.3d 68, 76 (App. 2014) (Erroneous admission of entirely cumulative evidence constitutes harmless error.); *State v. Yonkman*, 233 Ariz. 369, 376-77, ¶ 27, 312 P.3d 1135, 1142-43 (App. 2013) (victims testifying about each other's statements harmless error because statements consistent and both victims subject to cross-examination).

## CONCLUSION

¶10        We affirm Sanchez' conviction and sentence. Counsel's obligations pertaining to Sanchez' representation in this appeal have ended. Counsel need do nothing more than inform Sanchez of the status of the appeal and his future options, unless counsel's review reveals an issue

---

2        In 2015, Rule 801(d)(1)(B) was amended to include prior consistent statements used "to rehabilitate the declarant's credibility as a witness when attacked on another ground."

appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). On the court's own motion, Sanchez shall have thirty days from the date of this decision to proceed, if he desires, with an *in propria persona* motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: ama