NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

ANTHONY GIUNTA, *Appellant.*

No. 1 CA-CR 15-0752
FILED 12-20-2016

---

Appeal from the Superior Court in Maricopa County
No. CR 2012-156588-001
The Honorable Richard L. Nothwehr, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jeffrey L. Force
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Samuel A. Thumma joined.

---

**D O W N I E**, Judge:

¶1          Anthony Giunta timely appeals his convictions and sentences for resisting arrest and aggravated assault in violation of Arizona Revised Statutes ("A.R.S.") sections 13-2508 and -1203–04.  Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel has searched the record, found no arguable question of law, and asked that we review the record for reversible error.  *See State v. Richardson*, 175 Ariz. 336, 339 (App. 1993).  Defendant was given the opportunity to file a supplemental brief *in propria persona*, but he has not done so.  For the following reasons, we affirm Giunta's convictions and sentences.

**FACTS AND PROCEDURAL HISTORY**

¶2          Police officers responded to a trespassing call at an apartment complex during the early morning hours.  They made brief contact with Giunta, who then fled.  Two officers pursued him.  During the chase, Giunta dropped a "large chrome object" later determined to be a gun.  An officer tackled Giunta, but he again fled.  Giunta was again tackled, and a struggle ensued, resulting in one of the officers sustaining a head injury.  The wounded officer attempted to follow Giunta as he fled, but ended the pursuit due to his injuries.  Giunta could not be located again.

¶3          The officers involved in the pursuit later identified Giunta from a photo lineup.  Giunta was charged with four counts: count 1 — resisting arrest, a class 6 felony; count 2 — aggravated assault, a class 4 felony; and counts 3 and 4 — misconduct involving weapons, both class 4 felonies.

¶4          At Giunta's request, counts 3 and 4 were severed, and counts 1 and 2 proceeded to trial.  After a mistrial due to a hung jury, a second trial ensued.  The jury found Giunta guilty as to counts 1 and 2.  Giunta thereafter entered into a plea agreement whereby he pleaded guilty to count 3, and the State dismissed count 4.  The court sentenced Giunta to the following concurrent sentences: count 1 — 1.75 years; count 2 — 4.5

years; and count 3 — 5 years.  A.R.S. § 13-703.  Giunta received 977 days of presentence incarceration credit.  This Court has jurisdiction over Giunta's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 13-4031 and -4033(A)(1).

## DISCUSSION

**¶5**　　　　We have read and considered the brief submitted by Giunta's counsel and have reviewed the entire record.  *Leon,* 104 Ariz. at 300.  We find no reversible error.　All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the sentences imposed were within the statutory ranges.  Giunta was present at all critical phases of the proceedings and was represented by counsel.  The jury was properly impaneled and instructed.  The jury instructions were consistent with the offenses charged. The record reflects no irregularity in the deliberation process.

**¶6**　　　　The defense did not make a motion for judgment of acquittal pursuant to Arizona Rule of Criminal Procedure 20, but the superior court *sua sponte* considered whether to submit the case to the jury after the State rested and determined there was sufficient evidence to do so.  The record supports this determination.  A judgment of acquittal is appropriate only if there is "no substantial evidence to warrant a conviction."  Ariz. R. Crim. P. 20.  Substantial evidence is such proof that "reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt." *State v. Mathers*, 165 Ariz. 64, 67 (1990).

**¶7**　　　　The State presented substantial evidence of guilt regarding the two counts submitted to the jury.[1]　At trial, three police officers described their contact with Giunta, as discussed *supra*, and testified regarding the uniforms they were wearing at the time.  Photographs depicting the officer's injuries and uniforms were received into evidence.  The State also established that the wounded officer "almost immediately" identified Giunta from the photo lineup.

## CONCLUSION

**¶8**　　　　We affirm Giunta's convictions and sentences.  Counsel's obligations pertaining to Giunta's representation in this appeal have ended.  Counsel need do nothing more than inform Giunta of the status of the appeal and his future options, unless counsel's review reveals an issue

---

[1]　　　　Giunta may not appeal his conviction regarding count 3 because it was the subject of a plea agreement. *See* Ariz. R. Crim. P. 17.1(e).

appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Giunta shall have 30 days from the date of this decision to proceed, if he desires, with an *in propria persona* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA