NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

GERARDO VEGA, JR., *Appellant.*

No. 1 CA-CR 16-0206
FILED 1-26-2017

Appeal from the Superior Court in Maricopa County
No. CR 2015-114464-001
The Honorable David V. Seyer, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Kevin D. Heade
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Samuel A. Thumma joined.

---

**D O W N I E**, Judge:

**¶1**        Gerardo Vega, Jr., appeals his convictions and sentences for two counts of aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs and one count of possession or use of marijuana, in violation of Arizona Revised Statutes ("A.R.S.") sections 28-1381(A)(1), (A)(3), -1383(A)(1), and 13-3405(A)(1).  Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel has searched the record, found no arguable question of law, and asked that we review the record for reversible error. *See State v. Richardson*, 175 Ariz. 336, 339 (App. 1993).  Defendant was given the opportunity to file a supplemental brief *in propria persona*, but he has not done so.  For the following reasons, we affirm Vega's convictions and sentences.

**FACTS AND PROCEDURAL HISTORY**

**¶2**        A police officer stopped Vega for speeding around 8:30 a.m. In response to a question by the officer, Vega admitted that he had "weed" in the vehicle.  The officer could "smell the odor of marijuana" and saw that Vega's eyes were bloodshot and watery.  When asked for his driver's license, Vega stated he did not have one.  He admitted using marijuana that morning at approximately 6:30.  After Vega performed field sobriety tests, he was arrested.

**¶3**        Vega was indicted on two counts of aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs, one count of possession or use of dangerous drugs, and one count of possession or use of marijuana.  The possession or use of dangerous drugs charge was dismissed, and trial proceeded on the remaining three counts. At the conclusion of the State's case-in-chief, Vega moved for a judgment of acquittal pursuant to Rule 20, Arizona Rules of Criminal Procedure, which the court denied.  The defense rested without presenting witnesses. The jury found Vega guilty of all three charges.

**¶4**        Vega stipulated to having two prior felony convictions. The court sentenced him to 10 years for each driving under the influence charge and 3.75 years for possession or use of marijuana, with the sentences to run concurrently. Vega received 51 days of presentence incarceration credit.

**¶5**        This Court has jurisdiction over Vega's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 13-4031 and -4033(A)(1).

## DISCUSSION

**¶6**        We have read and considered the briefs submitted by Vega's counsel and have reviewed the entire record. We find no reversible error. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the sentences imposed were within the statutory range. Vega was present at all critical phases of the proceedings, and he was represented by counsel. The jury was properly impaneled and instructed. The jury instructions were consistent with the offenses charged. The record reflects no irregularity in the deliberation process.

## I.    Rule 20 Motion

**¶7**        A judgment of acquittal is appropriate only when there is "no substantial evidence to warrant a conviction." Ariz. R. Crim. P. 20. Substantial evidence is such proof that "reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt." *State v. Mathers*, 165 Ariz. 64, 67 (1990). "Reversible error based on insufficiency of the evidence occurs only where there is a complete absence of probative facts to support the conviction." *State v. Soto-Fong*, 187 Ariz. 186, 200 (1996).

**¶8**        The State presented substantial evidence of guilt. Regarding the first count of aggravated driving under the influence, the State was required to prove: (1) Vega drove a vehicle in this state; (2) Vega was under the influence of any drug at the time of driving and as a result was impaired to the slightest degree; (3) Vega's driver's license was suspended or revoked at the time he was driving; and (4) Vega knew or should have known his license was suspended or revoked at the time of driving. A.R.S. §§ 28-1381(A)(1); -1383(A)(1); -1383(C).

**¶9**        The officer testified about numerous *indicia* of impairment he observed at the time of the traffic stop. In addition to the physical signs of impairment discussed *supra*, field sobriety tests indicated Vega was impaired. Vega admitted smoking marijuana approximately two hours

3

before he was stopped.  He also admitted knowing that his driver's license had been suspended.  A Motor Vehicle Division employee testified that Vega's license was suspended before the date of the traffic stop and that seven letters were sent to his address of record notifying him of his license suspension or revocation.

**¶10**        The second count of aggravated driving while intoxicated required the State to prove that Vega drove with "any drug defined in § 13-3401 or its metabolite in [his] body" while his license was suspended.[1] A.R.S. §§ 28-1381(A)(3); -1383(A)(1).  Trial evidence established that Vega's blood test was positive for cannabinoids which a toxicologist testified was "basically marijuana."

**¶11**        The possession or use of marijuana count required the State to prove that Vega knowingly possessed or used marijuana.  A.R.S. § 13-3405(A)(1).  The officer testified that Vega confessed to having "weed" in his vehicle.  The officer searched the vehicle and found a container with a substance he immediately recognized as marijuana.  A test of the substance confirmed it was in fact marijuana.

### CONCLUSION

**¶12**        We affirm Vega's convictions and sentences.  Counsel's obligations pertaining to Vega's representation in this appeal have ended. Counsel need do nothing more than inform Vega of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *State*

---

[1] Marijuana is defined in A.R.S. § 13-3401.  *See* A.R.S. § 13-3401(19).

*v. Shattuck*, 140 Ariz. 582, 584–85 (1984).  On the court's own motion, Vega shall have 30 days from the date of this decision to proceed, if he desires, with an *in propria persona* motion for reconsideration or petition for review.

