NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CHRISTOPHER LEE LERKE, *Appellant.*

No. 1 CA-CR 16-0199
FILED 4-4-2017

Appeal from the Superior Court in Maricopa County
No. CR 2015-117430-001
The Honorable Alfred M. Fenzel, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge James P. Beene joined.

**D O W N I E**, Judge:

¶1        Christopher Lee Lerke appeals his conviction for possession of marijuana for sale, a class 2 felony in violation of Arizona Revised Statutes ("A.R.S.") section 13-3405. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel has searched the record, found no arguable question of law, and asked that we review the record for reversible error. *See State v. Richardson*, 175 Ariz. 336, 339 (App. 1993). Lerke was given the opportunity to file a supplemental brief *in propria persona*, but he has not done so. For the following reasons, we affirm Lerke's conviction and sentence, as modified.

**FACTS AND PROCEDURAL HISTORY**

¶2        Detective Vanderwood was profiling parcels at a Phoenix post office. Lerke entered with a large brown box the detective suspected contained drugs.[1] When Lerke reached the counter, Detective Vanderwood asked to speak with him, and he agreed.

¶3        Lerke offered conflicting stories and nonsensical answers to some of the detective's questions. For example, Lerke stated he was mailing the package for his boss, but he could not recall his boss's name and then stated he did not work. When asked what was in the box, Lerke took a step backward, stared at the box "for around 30 seconds," and then said he thought it contained "supplies." Asked again for his boss's name, Lerke responded, "Steve." Lerke also gave strange responses about how he got to the post office, where he was staying, and how he was planning to pay for shipping. Detective Vanderwood had a canine sniff the box, and the dog alerted to the presence of drugs.

---

[1]        Detective Vanderwood testified about how drug trafficking organizations package drugs for mailing and stated Lerke's parcel met several of those criteria.

¶4        Detective Vanderwood arrested Lerke and searched him. Lerke had in his possession a small notepad containing the names of cities and packaging materials frequently used by drug traffickers, a driver's license issued out of Bloomfield, New Mexico, and keys to post office boxes. After receiving *Miranda* warnings, Lerke agreed to speak with the detective and offered yet another version of events. This time, Lerke stated he was walking down the road when a stranger pulled over and gave him a ride. The detective obtained a search warrant and discovered that the parcel Lerke was attempting to mail contained an inner box with a bubble-wrapped bale of marijuana weighing 30.8 pounds.[2]

¶5        At trial, Lerke admitted giving Detective Vanderwood "four different stories," but maintained he was trying to hitch a ride when a stranger picked him up and asked him to mail a package. He denied that the notepad was his, even though his hometown of Bloomfield was written in it, and the notepad included a list of packing materials that were used to wrap the parcel he was attempting to mail.

¶6        The jury found Lerke guilty as charged. The superior court sentenced him to the presumptive term of five years' imprisonment and credited him with 51 days of presentence incarceration. *See* A.R.S. § 13-702(D). This Court has jurisdiction over Lerke's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. § 13-4033(A)(1).

## DISCUSSION

¶7        We have read and considered the brief submitted by Lerke's counsel and reviewed the entire record. *See Leon,* 104 Ariz. at 300. We find no reversible error. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the sentence imposed was within the statutory range. Lerke was present at all critical phases of the proceedings and was represented by counsel. The jury was properly impaneled and instructed. The jury instructions were consistent with the offense charged. The record reflects no irregularity in the deliberation process.

¶8        Substantial evidence supports Lerke's conviction. The State was required to prove beyond a reasonable doubt that Lerke knowingly possessed marijuana for sale and that the marijuana weighed more than

---

2     The parties stipulated that the core sample taken from the bale tested positive for marijuana.

four pounds.  A.R.S. § 13-3405(A)(2), (B)(6).  The evidence produced at trial, recounted *supra*, satisfied those statutory elements.

**¶9**　　　　We do, however, correct the court's award of presentence incarceration credit.  Lerke was arrested on April 16, 2015, and he was released on bond on April 20, which equates to five days' presentence incarceration credit.  Lerke remained released until the jury verdict on January 15, 2016.  He was sentenced on March 3, 2016, warranting an additional 48 days' credit.  Because the superior court awarded only 51 days of credit, we modify the sentence to reflect Lerke's entitlement to a total of 53 days' presentence incarceration credit.

## CONCLUSION

**¶10**　　　　We affirm Lerke's conviction and sentence, as modified.  Counsel's obligations pertaining to Lerke's representation in this appeal have ended.  Counsel need do nothing more than inform Lerke of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).  On the court's own motion, Lerke shall have 30 days from the date of this decision to proceed, if he desires, with an *in propria persona* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:  AA

4