NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

LUIS F. VALDENEGRO, *Appellant.*

No. 1 CA-CR 16-0519
FILED 4-11-2017

Appeal from the Superior Court in Maricopa County
No. CR 2015-005517-001
The Honorable Jerry Bernstein, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Office of the Legal Advocate, Phoenix
By Nicole Marie Abarca
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge James P. Beene joined.

---

D O W N I E, Judge:

¶1        Luis F. Valdenegro timely appeals his convictions for misconduct involving weapons and false reporting to a law enforcement agency in violation of Arizona Revised Statutes ("A.R.S.") sections 13-3102 and -2907.01.  Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel has searched the record, found no arguable question of law, and asked that we review the record for reversible error.  *See State v. Richardson*, 175 Ariz. 336, 339 (App. 1993). Valdenegro was given the opportunity to file a supplemental brief *in propria persona*, but he has not done so. For the following reasons, we affirm Valdenegro's convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

¶2        Around midnight on August 9, 2013, a police officer pulled into a trailer park.  The officer spotted a vehicle he was looking for — a silver Nissan Altima — and saw Valdenegro exit the driver's door.  The officer asked Valdenegro for his name and date of birth, and Valdenegro gave his brother's information.  He was detained for providing false information.

¶3        The front windows of the Altima were down on the driver and passenger sides.  Using a flashlight, the officer saw a handgun on the driver's side floorboard.  Valdenegro denied owning the gun or driving the vehicle, though he admitted a prior felony conviction.

¶4        Valdenegro was indicted for misconduct involving weapons and false reporting to a law enforcement agency.  A jury trial ensued on the misconduct involving weapons charge, and the false reporting charge was tried to the court.  Valdenegro's motion for a judgment of acquittal pursuant to Arizona Rule of Criminal Procedure 20 was denied. Valdenegro and his girlfriend thereafter testified.  The jury found Valdenegro guilty of misconduct involving weapons, and the court found him guilty of false reporting to a law enforcement agency.  After an

aggravation hearing, the jury found the State had proven four aggravating factors. At sentencing, the court found that the State had proven five prior felony convictions and sentenced Valdenegro to concurrent presumptive terms of ten years for misconduct involving weapons and 15 days for false reporting. Valdenegro received 254 days' presentence incarceration credit. This Court has jurisdiction over Valdenegro's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. § 13-4033(A)(1).

## DISCUSSION

¶5 We have read and considered the briefs submitted by defense counsel and have reviewed the entire record. *Leon,* 104 Ariz. at 300. We find no reversible error. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the sentences imposed were within the statutory range. Valdenegro was present at all critical phases of the proceedings and was represented by counsel. The jury was properly impaneled and instructed. The jury instructions were consistent with the charged offense. The record reflects no irregularity in the deliberation process.

¶6 A judgment of acquittal is appropriate only when there is "no substantial evidence to warrant a conviction." Ariz. R. Crim. P. 20. Substantial evidence is proof that "reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt." *State v. Mathers*, 165 Ariz. 64, 67 (1990) (citation omitted). "Reversible error based on insufficiency of the evidence occurs only where there is a complete absence of probative facts to support the conviction." *State v. Soto-Fong*, 187 Ariz. 186, 200 (1996).

¶7 The State presented substantial evidence of guilt. For the misconduct involving weapons charge, the State was required to prove: (1) Valdenegro knowingly possessed a deadly weapon; and (2) Valdenegro was a prohibited possessor at the time of possession of the weapon. A.R.S. § 13-3102(A)(4).

¶8 At trial, the officer who first contacted Valdenegro testified that he saw Valdenegro exit the driver's-side door of the Altima. The officer discovered the handgun on the driver's-side floorboard. Testimony also established that Valdenegro's cellphone and charger were in the vehicle and Valdenegro had the car keys and key fob in his pocket. Valdenegro's girlfriend gave him permission to use the car, but she advised officers that she did not own a gun and did not live at the trailer park. A forensic scientist testified a major component of the DNA profile from the

handgun matched Valdenegro's DNA. Valdenegro stipulated that he was a prohibited possessor as of August 9, 2013.

¶9 The offense of false reporting to a law enforcement agency required the State to prove that Valdenegro knowingly made a false statement to a law enforcement agency for the purpose of misleading a peace officer. A.R.S. § 13-2907.01. The parties stipulated that the officer was driving a marked police vehicle when he contacted Valdenegro. In addition to the officer's testimony that Valdenegro offered his brother's information as his own, Valdenegro admitted at trial that he had lied to the officer.

## CONCLUSION

¶10 We affirm Valdenegro's convictions and sentences. Counsel's obligations pertaining to Valdenegro's representation in this appeal have ended. Counsel need do nothing more than inform Valdenegro of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Valdenegro shall have 30 days from the date of this decision to proceed, if he desires, with an *in propria persona* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:  AA

4