NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

KEVIN MICHAEL TAUBMAN, *Appellant.*

No. 1 CA-CR 16-0518
FILED 6-15-2017

Appeal from the Superior Court in Maricopa County
No. CR 2011-005457-002
The Honorable Warren J. Granville, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Terry J. Reid
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge James P. Beene joined.

---

D O W N I E, Judge:

¶1        Kevin Michael Taubman appeals his sentence for attempted theft of means of transportation, a class 4 felony in violation of Arizona Revised Statutes ("A.R.S.") section 13-1814. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel has searched the record, found no arguable question of law, and asked that we review the record for reversible error. *See State v. Richardson*, 175 Ariz. 336, 339 (App. 1993). Taubman was given the opportunity to file a supplemental brief *in propria persona*, but he has not done so. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        We previously affirmed Taubman's convictions on multiple counts on direct appeal. *State v. Taubman*, 1 CA-CR 14-0017, 2015 WL 3537015 (Ariz. App. June 2, 2015) (mem. decision). However, we vacated his sentence for attempted theft of means of transportation and remanded that one count for resentencing because the superior court had imposed an illegal sentence.[1] On remand, the court sentenced Taubman to an aggravated term of 7.5 years' imprisonment for the attempted theft of means of transportation offense.[2] The court ordered the sentence to run

---

[1]       The superior court initially sentenced Taubman to 16.25 years' imprisonment. *Taubman*, 2015 WL 3537015, at *1, ¶ 6. This Court held that the maximum sentence was 15 years, stating that, "whether the trial court meant to sentence [Taubman] as a category two or category three repetitive offender, the sentence was illegal." *Id.*

[2]       In the direct appeal, this court found no impropriety in using aggravators found by the jury to enhance the sentence. *See Taubman*, 2015 WL 3537015, at *2–6, ¶¶ 7–21.

concurrent to some counts and consecutive to others, awarding no presentence incarceration credit.

## DISCUSSION

**¶3**      We have reviewed the portions of the record relevant to the sentencing issue and have found no reversible error. *Leon,* 104 Ariz. at 300. The resentencing was conducted in compliance with the Arizona Rules of Criminal Procedure, and the sentence imposed was within the statutory range.[3] *See* A.R.S. § 13-703(I) (sentencing range for category two repetitive offender). Taubman was present and represented by counsel at the resentencing proceedings.

## CONCLUSION

**¶4**      We affirm Taubman's sentence. Counsel's obligations pertaining to Taubman's representation in this appeal have ended. Counsel need do nothing more than inform Taubman of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck,* 140 Ariz. 582, 584–85 (1984). On the court's own motion, Taubman shall have thirty days from the date of this decision to proceed, if he desires, with an *in propria persona* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

3      The court found that Taubman had two non-historical prior felonies, permitting him to be sentenced as a category two repetitive offender. *See* A.R.S. § 13-703(A).