NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JAMES ETHAN CALDERON, *Appellant.*

No. 1 CA-CR 16-0774
FILED 9-26-2017

Appeal from the Superior Court in Maricopa County
No. CR 2014-119686-002 DT
The Honorable Alfred M. Fenzel, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Tennie B. Martin
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Kenton D. Jones and Chief Judge Samuel A. Thumma joined.

D O W N I E, Judge:

¶1        James Ethan Calderon appeals from a restitution order entered after he was convicted and sentenced for manslaughter.[1] Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel has searched the record, found no arguable question of law, and asked that we review the record for reversible error. *See State v. Richardson*, 175 Ariz. 336, 339 (App. 1993). Calderon was given the opportunity to file a supplemental brief *in propria persona*, but he has not done so.

## FACTS AND PROCEDURAL HISTORY

¶2        Calderon was indicted for second-degree murder. A jury found him guilty of the lesser-included offense of manslaughter. The superior court sentenced Calderon to 10.5 years' imprisonment, with 754 days of presentence incarceration credit, and retained jurisdiction over the issue of restitution. Calderon waived his presence for "any further restitution hearings."

¶3        The State filed a Request for a Restitution Order, and the court set a restitution hearing, waiving Calderon's presence.

¶4        At the hearing, the victim's uncle — "her only surviving family in the world" — testified that he missed four hours of work per day for the 23 days he attended Calderon's trial and sentencing (92 hours), that his employer paid him $20 per hour, and that he was not reimbursed for his lost wages. On cross-examination, he clarified that he had actually missed 120 hours of work in total, including time for attending the victim's funeral. He also paid for downtown parking totaling $30.

---

[1]      Calderon separately appealed his conviction and sentence. This Court affirmed. *State v. Calderon*, 1 CA-CR 16-0379, 2017 WL 2376335 (Ariz. App. June 1, 2017) (mem. decision).

**¶5**        The chief of the Victim Compensation Bureau testified that the Victim Compensation Fund paid $10,000 toward the victim's funeral expenses and that the Bureau was also seeking restitution.

**¶6**        The superior court ordered Calderon to pay $2,430 in restitution to the victim's uncle and $10,000 to the Victim Compensation Fund.  Calderon timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 13-4031 and -4033(A)(3).

## DISCUSSION

**¶7**        We have considered the brief submitted by Calderon's counsel and have reviewed relevant portions of the record.  *Leon*, 104 Ariz. at 300.  We find no reversible error.

**¶8**        Victims, their families, and certain other entities are entitled to restitution "in the full amount of the economic loss as determined by the court."  A.R.S. § 13-603(C); *see also* § 13-804(E) ("If a victim has received reimbursement for the victim's economic loss from . . . a crime victim compensation program . . . the court shall order the defendant to pay the restitution to that entity.").  "The state has the burden of proving a restitution claim by a preponderance of the evidence."  *State v. Lewis*, 222 Ariz. 321, 324, ¶ 7 (App. 2009).

**¶9**        Before the restitution hearing, the State submitted its restitution request, attaching as exhibits documents from Victim Compensation Services, receipts, and a statement from the victim's uncle's employer regarding the time he missed from work.  Both the victim's uncle and the chief of the Victim Compensation Fund testified at the restitution hearing about their economic losses and expenditures.  Calderon presented no contrary evidence.  Under these circumstances, the State satisfied its burden of proof, and the superior court properly awarded restitution.

## CONCLUSION

**¶10**        We affirm the superior court's restitution order.  Counsel's obligations pertaining to Calderon's representation in this appeal have ended.  Counsel need do nothing more than inform Calderon of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).  On the court's own motion, Calderon shall have 30 days from the date of this decision to

proceed, if he desires, with an *in propria persona* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA