NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

DEWAYNE BRIAN WHEELER, *Appellant*.

No. 1 CA-CR 16-0525
FILED 3-9-2017

Appeal from the Superior Court in Maricopa County
No.  CR 2015-005330-001
The Honorable Mark H. Brain, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Michael J. Dew Attorney at Law, Phoenix
By Michael J. Dew
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge James P. Beene joined.

---

**D O W N I E**, Judge:

¶1 Dewayne Brian Wheeler appeals his conviction for sale or transportation of dangerous drugs, in violation of Arizona Revised Statutes ("A.R.S.") section 13-3407. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel has searched the record, found no arguable question of law, and asked that we review the record for reversible error. *See State v. Richardson*, 175 Ariz. 336, 339 (App. 1993). Wheeler was given the opportunity to file a supplemental brief *in propria persona*, but he has not done so. For the following reasons, we affirm Wheeler's conviction and sentence.

**FACTS AND PROCEDURAL HISTORY**

¶2 Wheeler approached an undercover officer at a gas station and asked whether he "knew anywhere to get some G." Based on the officer's training and experience, he knew that "G" meant methamphetamine. The officer told Wheeler he was waiting for his dealer. After some time passed, the officer stated his dealer "wasn't going to show up," and Wheeler responded, "let me see what I can do." Wheeler then got on his phone and told the officer to "come walk."

¶3 The two men left the gas station and walked to an apartment complex. En route, Wheeler asked the officer how much G he wanted, and the officer said $20 worth. As the men approached their destination, a marked police car entered the complex. Wheeler and the undercover officer waited for the vehicle to leave. The officer then gave Wheeler $20, and Wheeler went into the complex for approximately ten minutes before returning with a brown bag containing methamphetamine.

¶4 Wheeler was indicted for sale or transportation of dangerous drugs. After a three-day jury trial, jurors found him guilty as charged and found that the State had proven that the crime was committed while Wheeler was on probation for a felony offense — an aggravating

circumstance. Wheeler was sentenced to 15.75 years in prison and received presentence incarceration credit of 279 days.

¶5 This Court has jurisdiction over Wheeler's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. § 13-4033(A)(1).

## DISCUSSION

¶6 We have read and considered the brief submitted by Wheeler's counsel and have reviewed the entire record. *See Leon*, 104 Ariz. at 300. We find no reversible error. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the sentence imposed was within the statutory range. Wheeler was present at all critical phases of the proceedings and was represented by counsel. The jury was properly impaneled and instructed. The jury instructions were consistent with the offenses charged. The record reflects no irregularity in the deliberation process.

¶7 Substantial evidence supports Wheeler's conviction. The State was required to prove beyond a reasonable doubt that Wheeler knowingly sold methamphetamine, a dangerous drug, and that the substance was in fact a dangerous drug. A.R.S. § 13-3407(A)(7). The undercover officer identified Wheeler at trial and testified regarding the facts recounted *supra*. In addition, the State presented a forensic scientist who tested the substance in the bag and determined it was a usable quantity of methamphetamine.

## CONCLUSION

¶8 We affirm Wheeler's conviction and sentence. Counsel's obligations pertaining to Wheeler's representation in this appeal have ended. Counsel need do nothing more than inform Wheeler of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's

own motion, Wheeler shall have 30 days from the date of this decision to proceed, if he desires, with an *in propria persona* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA