NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JOHN TROY STENGLEIN, *Appellant.*

No. 1 CA-CR 17-0105
FILED 10-31-2017

Appeal from the Superior Court in Maricopa County
No. CR 2016-102820-001
The Honorable Dean M. Fink, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Bain & Lauritano, Glendale
By Sheri M. Lauritano
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Jennifer B. Campbell joined.

D O W N I E, Judge:

¶1          John Troy Stenglein appeals his conviction and sentence for one count of possession or use of dangerous drugs. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel has searched the record, found no arguable question of law, and asked that we review the record for reversible error. *See State v. Richardson*, 175 Ariz. 336, 339 (App. 1993). Stenglein was given the opportunity to file a supplemental brief *in propria persona*, but he has not done so. After reviewing the record, we affirm Stenglein's conviction and sentence.

**FACTS AND PROCEDURAL HISTORY**

¶2          A sheriff's deputy responded to a report of two people trespassing at a fast-food restaurant. When the deputy entered the restaurant, he saw a man who fit the description of one of the alleged trespassers quickly leave the premises. The deputy followed the man, who by that time had reached the far side of the parking lot. When the deputy asked him to return, the man immediately complied.

¶3          The man identified himself to the deputy as Stenglein. Stenglein's left hand was closed into a "loose fist" behind his back, and the deputy could see plastic wrap sticking out between his fingers. When the deputy asked to see Stenglein's hand, he "watched [Stenglein] open his hands, saw something fall from his hands, and he showed … his empty hand and said, see, it's nothing." Plastic wrap containing "medium-sized crystal rocks" fell to the ground. A forensic scientist testified the plastic wrap contained a usable quantity of methamphetamine.

¶4          Stenglein was charged with one count of knowingly using or possessing a dangerous drug (methamphetamine), a class 4 felony. *See* Ariz. Rev. Stat. ("A.R.S.") §§ 13-3401, -3407. An eight–member jury found him guilty of the charged offense. At sentencing, the superior court found one prior felony conviction — a 2009 conviction for theft of means of transportation, a class 3 felony — and sentenced Stenglein to a mitigated

sentence of 3.5 years in prison, with credit for 181 days of presentence incarceration.

**¶5**		Stenglein timely appealed.[1] We have jurisdiction pursuant to A.R.S. §§ 13-4031 and -4033(A)(3).

## DISCUSSION

**¶6**		We have considered the brief submitted by defense counsel and have reviewed the record. *Leon*, 104 Ariz. at 300. We find no reversible error.

**¶7**		Stenglein was present and represented by counsel at all stages of the proceedings. The record reflects that the superior court afforded Stenglein all his constitutional and statutory rights and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at trial was sufficient to support the jury's verdicts. Stenglein's sentence falls within the range prescribed by law.

**¶8**		Stenglein appears to have received too much presentence-incarceration credit. He was given 181 days, but appears to have been entitled to only 167 days. However, an illegal sentence that favors the appellant — such as excess presentence incarceration credit — cannot be corrected without a timely cross-appeal by the State, *State v. Dawson*, 164 Ariz. 278, 281–82 (1990), which did not occur here.

## CONCLUSION

**¶9**		We affirm Stenglein's conviction and sentence. Counsel's obligations pertaining to Stenglein's representation in this appeal have ended. Counsel need do nothing more than inform Stenglein of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Stenglein shall have 30 days from the date of this decision to

---

[1] After defense counsel filed a notice of appeal, Stenglein submitted a second notice of appeal, noting his sentence of 3.5 years and claiming, without explanation, that he received ineffective assistance of counsel. We do not address his ineffective assistance of counsel claim, which may only be litigated in a petition for post-conviction relief under Arizona Rule of Criminal Procedure 32. *See State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9 (2002).

proceed, if he desires, with an *in propria persona* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA